**FERNBERG, d. b. a. HINKY DINKS, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL et, etc., Appellees-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5095. Decided November 4, 1954.

John B. Freiden, Cincinnati, for appellant-appellee.

Hon. C. William O'Neill, Attl. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees-appellants.

(MONTGOMERY, PJ, of the Fifth District, and GRIFFITH and NICHOLS, JJ, of the Seventh District, sitting by designation.)

## OPINION

By NICHOLS, J.

This cause is in this Court on an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, reversing the decision of the Board of Liquor Control wherein the Board affirmed a rejection by the Director of Liquor Control of a renewal application of the plaintiff for a Class D-5 permit, the permit holder having appealed to the Board from the decision of the Director and such appeal having been heard by the Board upon the evidence adduced before it. Upon the hearing on such appeal the Board found that numerous instances of disorderly conduct have taken place on the premises of the permit holder; that she had knowingly and wilfully allowed upon the permit premises, without any attempt to suppress the same, improper conduct and improper disturbances, to wit, drunkenness, brawls and fighting among the patrons, and that a great number of arrests with subsequent convictions for drunkenness, disorderly conduct, carrying concealed weapons, and prostitution had been made on the premises of the permit holder and that by reason thereof such permit holder is not entitled to the renewal of a Class D-5 permit. From the decision of the Board of Liquor Control, Mae Fernberg, doing business as Hinky Dinks, S. E. Corner Third

and Sycamore Streets, Cincinnati, Ohio, appealed to the Common Pleas Court of Franklin County wherein such Court reversed the action of the Board of Liquor Control and ordered that the permit be renewed, the Common Pleas Court finding that there was in the record no reliable, probative and substantial evidence. to support the decision of the Board of Liquor Control. The question before this Court of Appeals is whether the record of the testimony and exhibits taken before the Board of Liquor Control presents reliable, probative and substantial evidence upon which to refuse renewal of the permit and whether such renewal would prejudice good order, decency and sobriety.

Sec. 4301.27 R. C., provides that the Board of Liquor Control may revoke or cancel any permit on its own initiative or on complaint of the Department of Liquor Control, after a hearing at which the holder shall be given an opportunity to be heard and upon such notice as prescribed by the Rules and regulations of the Board.

Sec. 4301.28 R. C., provides that any person aggrieved may appeal to the Board of Liquor Control from the action of the Department of Liquor Control in refusing to issue a permit.

Sec. 4301.03 R. C., authorizes the Board of Liquor Control to adopt and promulgate, repeal, rescind, and amend, in the manner required by this section, rules, regulations, standards, requirements, and orders necessary to carry out Chapters 4301 and 4303 R. C., including:

"Rules, regulations, and orders providing in detail for the conduct of any retail business authorized under permits issued pursuant to such chapters, with a view to insuring compliance with such chapters and laws relative thereto, and the maintenance of public decency, sobriety, and good order in any place licensed under such permits."

Sec. 4301.04 R. C., provides, among other powers of the Board of Liquor Control, that it "may suspend, revoke and cancel permits."

Sec. 119.12 R. C., a part of the Administrative Procedure Act, provides that any party adversely affected by any order of an agency issued pursuant to an adjudication denying the issuance or renewal of a license, may appeal to the Court of Common Pleas of Franklin County. The Court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire. record, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law. The decision of the Court shall be final and conclusive unless reversed, vacated, or modified on appeal. Although the Supreme Court of Ohio, under date of February 10, 1954, in case Miller v. Bureau of Unemployment Compensation, 160 Oh St 561, held that there was no authority for the prosecution of an appeal by an administrative agency to the Court of Appeals, it is apparent that the Supreme Court at the time of such decision did not have knowledge of the fact that the Legislature by amendment effective October 21, 1953, had expressly provided for an appeal by the administrative agency. This Court of Appeals had so previously held in the case of State of Ohio, ex rel. Argonne Post No. 545, American Legion, Department of Ohio, Toledo, Ohio, v. Board of Liquor Control, decided

November 30, 1953, in an opinion written by the author of the opinion in the present case. From an analysis of the applicable provisions with reference to the duties of the Director of Liquor Control and the Board of Liquor Control, the jurisdiction and authority of the Court of Common Pleas upon appeal, as well as the jurisdiction of the Court of Appeals upon review of a judgment of the Court of Common Pleas, it is apparent that the Court of Appeals may reverse the judgment of the Common Pleas Court if the Court of Appeals upon the entire record shall find that the action of the Board of Liquor Control in refusing to renew the permit of a licensee is founded upon evidence having a probative and substantial relation to the establishment and maintenance of sobriety and good order upon the permit premises and its environs, and is conducive to the establishment and maintenance of public decency, sobriety and good order generally.

Proceeding now to investigate the evidence which was before the Board of Liquor Control and which was the same evidence upon which the appeal was prosecuted to the Common Pleas Court of Franklin County, we find conditions existing upon the permit premises of Mae Fernberg, d. b. a. Hinky Dinks, the evidence of which was so sordid that the Common Pleas Court felt it improper to recite the same and this Court will not go into detail in a recitation of the occurrences upon such premises which, in our opinion, establish these premises as a place where common prostitutes were accustomed to frequent, plying their trade in the premises, inviting men to go with them to rooms where sexual intercourse was indulged, and where upon such premises there were many brawls, where patrons were sitting at tables in a drunken condition, with intoxicants in front of them, where patrons were found with dangerous weapons upon their persons and where apparently from the evidence and the frequency with which the police officers had been called to the permit premises to make arrests and where upon such arrests the persons arrested were convicted in the Municipal Court of Cincinnati of various crimes charged against them, and from all of the evidence shown in the record it is clear to this Court that the business operated at the place known as Hinky Dinks constituted a bawdy house of the worst character, and as to which the proprietor of the business or her agents or employees made little or no effort to suppress the sordid conduct carried on therein, although from the frequency of such conduct the proprietor and her employees could not have failed to be cognizant. This Court finds specifically that there is abundant evidence shown in the transcript of the testimony before the Board of Liquor Control of probative, reliable and substantial nature which properly and legally authorized the Board to deny the renewal of an application for the permit, as shown by its decision, and that the Common Pleas Court was in error in reversing the judgment of the Board of Liquor Control and in enjoining the Board from interfering with the business conducted at the place known as Hinky Dinks.

The judgment of the Common Pleas Court is therefore reversed, held for naught and the injunction issued by that Court is dissolved.

MONTGOMERY and GRIFFITH, JJ, concur.